IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ARTHUR WILLARD ESTRADA, )<br>)<br>Defendant. ) | Case No. CR-99-177-M |

### ORDER

Pending before the Court is Defendant Arthur Willard Estrada's Motion for Discovery.  For the reasons that follow, the Motion will be denied.

In January of 2000, Estrada was convicted by a jury of possession of a controlled substance in violation of 21 U.S.C. § 844(a), and possession of a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g).  On June 26, 2000, the Honorable Wayne E. Alley, retired United States District Judge, sentenced Estrada to 235 months' imprisonment.  Estrada appealed, and the Tenth Circuit affirmed his conviction and sentence in an unpublished order and judgment.  *United States v. Estrada*, Nos. 00-6231, 00-6307, 00-6309, 2002 WL 93136 (10th Cir. Jan. 25, 2002).  The Supreme Court denied Estrada's petition for writ of certiorari.  *Estrada v. United States*, 535 U.S. 1010 (2002).

In April of 2003, Estrada filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Judge Alley denied the motion by separate order and judgment dated September 12, 2003.  Estrada appealed.  The Tenth Circuit denied Estrada's application for a certificate of appealability and dismissed his appeal.  The Supreme Court denied Estrada's second petition for writ of certiorari.  *Estrada v. United States*, 125 S. Ct. 1042 (2005).

Estrada now wishes to file a second or successive § 2255 motion. He correctly recognizes, however, that to do so he must first obtain permission from a three-judge panel of the United States Court of Appeals for the Tenth Circuit. 28 U.S.C. §§ 2255, 2244(b)(3). He also recognizes that his request for permission will be granted only if the Tenth Circuit determines that his second or successive § 2255 motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Estrada claims he is aware of newly discovered evidence that will persuade the Tenth Circuit to authorize his filing of a second or successive § 2255 motion. He moves the Court, pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, for an order directing the government to produce this evidence.

The Rules Governing Section 2255 Proceedings, as their name suggests, "govern a motion filed in a United States district court under 28 U.S.C. § 2255 . . . ." Rule 1 of the Rules Governing Section 2255 Proceedings. However, no such motion is pending before this Court and, indeed, no such motion *can* be filed in this Court absent Tenth Circuit approval. 28 U.S.C. §§ 2255, 2244(b)(3). Hence, the Court finds the Rules Governing Section 2255 Proceedings do not apply under the facts of this case.

The Court finds the Federal Rules of Criminal Procedure are likewise inapplicable here. Rule 16 allows for the filing of discovery motions, but only *before trial*. Fed. R. Crim. P.

12(b)(3)(E). The rules do not allow for post-conviction discovery motions, which is precisely what Estrada has filed in this case.

Estrada's judgment of conviction "constitutes a final judgment." 18 U.S.C. § 3582(b). Consequently, the Court finds it may exercise continuing jurisdiction over this case only pursuant to specific constitutional or statutory authority. As explained above, the Rules Governing Section 2255 Proceedings – the only basis that Estrada has identified in support of this Court's exercise of jurisdiction – are inapplicable, as are the Federal Rules of Criminal Procedure. The Court is aware of no alternative basis for exercising jurisdiction over Estrada's discovery request. The Court, accordingly, finds it lacks jurisdiction to consider Estrada's Motion for Discovery [docket no. 346], and further finds the Motion must be, and now hereby is, DENIED.

**IT IS SO ORDERED this 1st day of September, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE