**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                 )<br>          Plaintiff-Respondent.        )<br>                                                                 )<br>v.                                                              )     Case No. CR-99-177-M<br>                                                                 )<br>ARTHUR WILLARD ESTRADA,              )<br>                                                                 )<br>          Defendant-Petitioner,          )| |

**ORDER**

Before the Court is Movant's "Motion for Reopening of Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, Challenging the Integrity of the District Court's Opinion Rendered on September 12th, 2003" [docket no. 351], filed October 3, 2005.

I.   INTRODUCTION

Estrada was convicted by a jury of possession of a controlled substance in violation of 21 U.S.C. § 844(a), and possession of a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g). On June 26, 2000, the Honorable Wayne E. Alley, retired United States District Judge, sentenced Estrada to 235 months' imprisonment. Estrada appealed. The Tenth Circuit affirmed his conviction and sentence in an unpublished order and judgment. *United States v. Estrada*, Nos. 00-6231, 00-6307, 00-6309, 2002 WL 93136 (10th Cir. Jan. 25, 2002). The Supreme Court denied Estrada's petition for writ of certiorari. *Estrada v. United States*, 535 U.S. 1010 (2002).

In April of 2003, Estrada filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Judge Alley denied the motion by separate order and judgment dated September 12, 2003. Estrada appealed. The Tenth Circuit denied Estrada's application for a

certificate of appealability and dismissed his appeal. The Supreme Court denied Estrada's second petition for writ of certiorari. *Estrada v. United States*, 125 S. Ct. 1042 (2005).

II.     DISCUSSION

In the instant motion, Estrada attacks the validity of his sentence. The Tenth Circuit has stated,

> a motion pursuant to Federal Rule of Civil Procedure 60(b) which follows the dismissal of a 28 U.S.C. § 2254 habeas petition must be treated as a second habeas petition. *See Lopez v. Douglass*, 141 F.3d 974, 975 (10th Cir. 1998). This is so Rule 60(b) "cannot be used to circumvent restraints on successive habeas petitions." *Id.* We see no reason why this rule would differ in the case of a 28 U.S.C. § 2255 habeas petition, because the relevant substantive provisions of § 2254 and § 2255 are indistinguishable.

*United States v. Brown*, 7 Fed. Appx. 825, 828 (10th Cir. 2001)[1] (Defendant's Rule 60(b) motion treated as a successive § 2255 motion where the motion actually attacks the validity of his conviction.). Therefore, the Court finds that Estrada's motion, although characterized as arising under Rule 60(b), is properly construed as one brought pursuant to 28 U.S.C. § 2255. As such, it is second or successive and, pursuant to § 2244(b)(3)(A), this Court has no jurisdiction to address the merits of the motion in the absence of authorization by a panel of the United States Court of Appeals for the Tenth Circuit. *See United States v. Avila-Avila*, 132 F.3d 1347, 1348-49 (10th Cir. 1997); *see also* 28 U.S.C. § 2244(b)(3)(A) (before a second or successive application is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application).

---

[1] This unpublished disposition is cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

III.     CONCLUSION

For the reasons set forth in detail above, the Court hereby orders that this matter be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED this 1st day of February, 2006.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE