**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent. ) | |
| ) | Case No. CR-99-177-M |
| v. ) | |
| ) | |
| ARTHUR WILLARD ESTRADA, ) | |
| ) | |
| Defendant-Petitioner, ) | |

**ORDER**

Before the Court is Petitioner's "Motion for Resentencing Equal Justice Under Law"[1] [docket no. 358], filed December 27, 2005.

I.   INTRODUCTION

Estrada was convicted by a jury of possession of a controlled substance in violation of 21 U.S.C. § 844(a), and possession of a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g).  On June 26, 2000, the Honorable Wayne E. Alley, retired United States District Judge, sentenced Estrada to 235 months' imprisonment.  Estrada appealed.  The Tenth Circuit affirmed his conviction and sentence in an unpublished order and judgment.  *United States v. Estrada*, Nos. 00-6231, 00-6307, 00-6309, 2002 WL 93136 (10th Cir. Jan. 25, 2002).  The Supreme Court denied Estrada's petition for writ of certiorari.  *Estrada v. United States*, 535 U.S. 1010 (2002).

In April of 2003, Estrada filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Judge Alley denied the motion by separate order and judgment dated September 12, 2003.  Estrada appealed.  The Tenth Circuit denied Estrada's application for a

---

[1] The Court construes Estrada's motion as one made pursuant to 28 U.S.C. § 2255.

certificate of appealability and dismissed his appeal. The Supreme Court denied Estrada's second petition for writ of certiorari. *Estrada v. United States*, 125 S. Ct. 1042 (2005).

II.   DISCUSSION ²

Estrada moves this Court to reduce his sentence in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005). However, as this is a second or successive § 2255 motion, this Court is without jurisdiction to address the merits of the same in the absence of authorization by a panel of the United States Court of Appeals for the Tenth Circuit. *See United States v. Avila-Avila*, 132 F.3d 1347, 1348-49 (10th Cir. 1997); *see also* 28 U.S.C. § 2244(b)(3)(A) (before a second or successive application is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application).

III   CONCLUSION

For the reasons set forth in detail above, the Court hereby orders that this matter be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED this 1st day of February, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

²Estrada asserts that the entire Antiterrorism and Effective Death Penalty Act ("AEDPA") is unconstitutional. However, in *Moton v. Utah*, 28 Fed. Appx. 854, 855 (10th Cir. 2001) (citing *cf. Felder v. Turpin*, 518 U.S. 651, 664 (1996)), the Tenth Circuit held that the AEDPA is constitutional. As such, Estrada's argument must fail.