IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | Case No. CR-99-177-M |
| | ) | |
| ARTHUR WILLARD ESTRADA, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |

**ORDER**

Before the Court are petitioner's Motion to Reopen and Amend Original 28 USC §2255 Petition filed April 9, 2003 in Light of §2255 (f-2), filed March 10, 2014; petitioner's Motion Pursuant to Rule of Civil Procedure 15(c) (Relates Back Doctrine) to Amend Previous Motion Pursuant to 28 USC 2255(f-2) filed March 10, 2014, and Memorandum of Law to Aid the Court, filed March 19, 2014; and petitioner's Motion for Evidentiary Hearing and Appointment of Counsel Pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings, filed June 13, 2014.

Petitioner moves this Court to reopen and amend his § 2255 motion filed April 9, 2003, due to the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013)[1] and in light of 28 U.S.C. § 2255(f)(2)[2]. Since petitioner's motion is brought pursuant to §

---

[1] In *Alleyne*, the Court found that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013).

[2] 28 U.S.C. 2255(f)(2) provides that:
    (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.

2255, it is considered a second or successive petition. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("defendant's pro se motion to amend and supplement his motion to vacate was required to be treated as a second or successive motion to vacate."). As a result, pursuant to § 2244(b)(3)(A) this Court has no jurisdiction to address the merits of the motion in the absence of authorization by a panel of the United States Court of Appeals for the Tenth Circuit. *See United States v. Avila-Avila*, 132 F. 3d 1347, 1348-49 (10th Cir. 1997); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Accordingly, the Court concludes, in the interest of justice, that this matter should be transferred to the appellate court. 28 U.S.C. § 1631. Further, in light of the Court transferring this matter to the appellate court, the Court FINDS that petitioner's Motion Pursuant to Rule of Civil Procedure 15(c) (Relates Back Doctrine) to Amend Previous Motion Pursuant to 28 USC 2255(f-2) [docket no. 388] is now MOOT and petitioner's Motion for Evidentiary Hearing and Appointment of Counsel Pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings [docket no. 390] should be denied as premature.

**IT IS SO ORDERED this 24th day of June, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

28 U.S.C. § 2255(f)(2).