## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff-Respondent,  )
                           )
vs.                        )        Case No. CR-99-177-M
                           )                (CIV-16-477-M)
ARTHUR WILLARD ESTRADA,    )
                           )
        Defendant-Movant.  )

### ORDER

Defendant-Movant Arthur Willard Estrada ("Estrada"), a federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Plaintiff-Respondent United States of America has filed its response.

### I.    Introduction

On November 3, 1999, Estrada and three others were indicted on various drug offenses. Estrada's co-defendants entered guilty pleas, but Estrada elected to go to trial. The jury found defendant guilty on two counts – a misdemeanor for possession of a controlled substance and a felony for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report stated that Estrada qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based on Estrada's prior convictions. The Court found that Estrada was an armed career criminal and sentenced him to 235 months of imprisonment. The judgment was affirmed on appeal. *See United States v. Estrada*, 25 F. App'x 814 (10th Cir. Jan. 25, 2002).

### II.   Discussion

In his § 2255 motion, Estrada asserts that in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer an armed career

criminal because two of his ACCA predicate convictions, convictions for robbery in the state of California, no longer qualify as ACCA violent felonies in light of a 2015 Ninth Circuit opinion, and that his sentence, therefore, should be vacated.  In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  *Johnson*, 135 S. Ct. at 2563.  However, the Supreme Court held that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  *Id.*

In its response, the government asserts that *Johnson* affords relief only if the defendant can establish he was sentenced under the now-invalid residual clause.  The government further asserts that Estrada has not shown that at the time of his sentence, the robbery convictions at issue qualified as an ACCA predicate only under the residual clause and, therefore, has not met his burden of proving a *Johnson* error.  Finally, the government asserts that since Estrada has failed to show that he was sentenced under the residual clause, his § 2255 motion should be denied.

The Tenth Circuit has held that a § 2255 movant asserting a *Johnson* claim has the burden to establish that his ACCA sentence enhancement was based upon a conviction that fell under the residual clause.  *See United States v. Snyder*, 871 F.3d 1122 (10th Cir. 2017).[1]  Having reviewed the parties' submissions, as well as the court file in this matter, the Court finds that Estrada has not met his burden of establishing he was sentenced under the now-invalid residual clause.  At Estrada's sentencing, the sentencing judge did not make any findings specifying on which clause of the ACCA's violent felony definition the Court was relying.  However, even when the sentencing record is unclear, it may be possible to determine that a sentencing court did not rely

---

[1] The Eleventh Circuit has also held that "[t]o prove a *Johnson* claim, a movant must establish that his sentence enhancement turn[ed] on the validity of the residual clause."  *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017) (internal quotations and citation omitted).

on the residual clause by looking to the relevant background legal environment at the time of the sentencing. *See Snyder*, 871 F.3d at 1129. At the time of Estrada's sentencing, the Tenth Circuit generally held that robbery convictions qualified as violent felonies under the elements clause of the ACCA. *See e.g.*, *United States v. Lujan*, 9 F.3d 890, 892 (10th Cir. 1993). The Court, therefore, finds that Estrada's *Johnson* claim fails.[2]

## III. Evidentiary Hearing

As set forth above, Estrada's motion does not set forth a basis for relief from his conviction or sentence. Because that determination is conclusively shown from the motion, files, and record, the Court finds there is no need for an evidentiary hearing on this motion. *See* 28 U.S.C. § 2255; *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000).

## IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Estrada's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 7th day of March, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] A *Johnson* claim is the only claim permitted by the Tenth Circuit's authorization in this case.